```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| MONICA BARBOSA RAMOS,<br><br>**Plaintiff**<br><br>v.<br><br>AMGEN MANUFACTURING LIMITED,<br><br>**Defendant** | **CIVIL NO.** 10-1486 (JAG) |

**MEMORANDUM AND ORDER**

GARCIA-GREGORY, D.J.

Before the Court is Amgen Manufacturing Limited's ("Amgen") Motion to Compel Arbitration and Dismiss or, in the Alternative, Stay this Action Pending the Completion of Arbitration. (Docket No. 8). For the reasons set forth below the Court hereby **GRANTS** the motion. The case shall be dismissed without prejudice.

**FACTUAL BACKGROUND**

On June 2, 2010, Monica Barbosa Ramos ("Plaintiff") filed a complaint against Amgen for gender and national origin discrimination under Title VII along with several claims under local law. (Docket No. 1). She alleges she was terminated from her position as Senior Project Manager after she was unjustifiably disciplined and treated differently than male

employees. She posits that her supervisors also discriminated against her because she is Argentine.

As stated above, Amgen filed a motion seeking an order from this Court compelling Plaintiff to arbitrate her claims and dismissing the case or, in the alternative, staying the case pending the outcome of litigation. It argues that as part of her employment offer packet, Plaintiff received an offer letter and a copy of an arbitration agreement. The offer letter indicates that the offer is contingent, among other things, upon her signing the Mutual Agreement to Arbitrate. (Docket No. 9-1, Exhibit 1, p. 4).

Plaintiff filed a timely opposition to Amgen's request. She argues that Amgen waived the arbitration defense because it did not allege it during the administrative proceedings before the Department of Labor Antidiscrimination Unit ("ADU"); that her claim under Act 80 of May 30, 1976, P.R. Laws Ann. tit. 29, § 129, is not waivable and, therefore, not subject to arbitration; that she had gone through back surgery immediately before receiving the job offer and she was pressured into signing all the documents without actual knowledge of what the consequences would be. (Docket No. 18).

**ANALYSIS**

Plaintiff first argues that Amgen waived the arbitration defense because it did not raise it before the ACU. The First

Circuit has stated that "an employer cannot waive its right to arbitration by failing to raise the arbitration defense with the EEOC or by failing to initiate arbitration during the pendency of the EEOC proceedings." Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 16 (1st Cir. 2005). The Court clearly stated, "[w]e hold only that an employer should not be forced to file for arbitration during an EEOC investigation by finding a waiver of its right to arbitrate if it does not make such a filing." Id. at n.13. Therefore, the fact that Amgen did not raise the arbitration defense before the ADU does not constitute a waiver.

The Court also disagrees with Plaintiff's interpretation of Act 80. The fact that the Act states that the right an employee has to receive compensation if dismissed in violation of said law is nonwaivable, does not mean that an agreement to arbitrate all claims an employee might have against the employer is automatically illegal. Clearly, an employee does not waive a right he agrees to assert though arbitration.

Plaintiff next contends that she had undergone surgery shortly before she was pressured into deciding whether to take Amgen's employment offer. According to her, Amgen knew of the surgery and nonetheless told her she had only one week to decide whether to take the employment offer or reject it. She states that she "felt pressured to sign the agreement because otherwise I was going to lose the opportunity to take advantage of the

offer […] I was afraid someone else would be hired, and that thereafter the doors at Amgen were going to be closed to me forever." (Docket No. 18-1). Based on the above, Plaintiff posits that she entered into the arbitration agreement subject to undue pressure and influence.

"When deciding whether the parties agreed to arbitrate a certain matter […], courts generally […] should apply ordinary state-law principles that govern the formation of contracts." Dialysis Access Ctr., LLC v. RMS Lifeline, Inc., 638 F.3d 367, 376 (1st Cir. 2011) (quoting First Options v. Kaplan, 514 U.S. 938, 944 (1995). Under Puerto Rico law "consent given by error, under violence, by intimidation, or deceit shall be void." P.R. Laws Ann. tit. 31, § 3404.

In this case Plaintiff has not alleged any facts that could lead this Court to consider that she signed the arbitration agreement by error, violence, intimidation or deceit. In fact, she clearly states that she was afraid of losing the array of benefits she was being offered. It is noted that she had a $77,000 a year employment with another company and decided to accept Amgen's offer of a $92,000 a year salary (not including benefits).

In a recent case, the First Circuit reiterated that "[a] party seeking to compel arbitration under the [Federal Arbitration Act] must demonstrate 'that a valid agreement to

arbitrate exists, that the movant is entitled to invoke the arbitration clause, that the other party is bound by that clause, and that the claim asserted comes within the clause's scope.'" Dialysis Access Ctr., LLC v. RMS Lifeline, Inc., 638 F.3d 367, 376 (1st Cir. 2011) (quoting InterGen N.V. v. Grina, 344 F.3d 134, 142 (1st Cir. 2003)).

It is evident to the Court that all of the factors listed by the First Circuit in Dialysis Access are present in this case for Plaintiff entered into the arbitration agreement freely; the arbitration clause covers all claims Plaintiff might have towards Amgen[1]; the claims included in the complaint are claims solely against the company for events which occurred during Plaintiff's employment; and, the claims clearly fall within the scope of the agreement.

Given the above, the Court hereby orders Plaintiff to arbitrate her claims against Amgen pursuant to the arbitration agreement. The Court will also exercise its discretion to

---

[1] The arbitration clause in question states that:

> The Company and I mutually consent to the resolution by final and binding arbitration of all claims or controversies (collectively "claims"), whether or not arising out of my employment (or its termination), that the Company may have against me or that I may have against the Company or against its current or former officers, directors, employees, or agents. (Docket No. 9, p. 2).

Civil No. 10-1486 (JAG)                                                    6

dismiss the case without prejudice (instead of staying the case pending arbitration) because all federal claims are subject to arbitration. See <u>Bercovitch v. Baldwin Sch., Inc.</u>, 133 F.3d 141, 156 n.21 (1st Cir. 1998).

**IT IS SO ORDERED**.

In San Juan, Puerto Rico this 20th day of July, 2011.

<u>s/ Jay A. García Gregory</u>
JAY A. GARCIA GREGORY
U.S. DISTRICT JUDGE
